UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
CHARLOTTE M. BAYSAC,                                        :
                                    Plaintiff,             :
                                                            :          23 Civ. 10273 (LGS)
                    -against-                               :
                                                            :                ORDER
NYC HEALTH & HOSPITALS                                     :
CORPORATION,                                                :
                                    Defendant.  :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the Order dated December 5, 2023, required the parties to file a proposed case management plan and joint letter seven (7) days before the initial pretrial conference.

WHEREAS, the parties have not done so.

WHEREAS, the Order dated January 25, 2024, required that, if Plaintiff has not been in communication with Defendants, she shall file a status letter regarding her efforts to serve Defendants and request an adjournment of the initial pretrial conference.

WHEREAS, Plaintiff has not done so.

WHEREAS, the February 15, 2024, Order again instructed Plaintiff to file a status letter on her efforts to serve Defendants.

WHEREAS, the February 15, 2024, Order also advised Plaintiff that failure to comply with the Order may result in dismissal of the case without prejudice for failure to prosecute.

WHEREAS, Plaintiff has not filed a status letter or requested an adjournment.

WHEREAS, the March 22, 2024, Order, once more instructed Plaintiff to file a status letter or request an adjournment.

WHEREAS, the March 22, 2024, Order again advised her that failure to comply may result in dismissal of the case without prejudice for failure to prosecute.

WHEREAS, Plaintiff has not filed a status letter or requested an adjournment.

WHEREAS, the April 19, 2024, Order again instructed Plaintiff to file a status letter or request an adjournment.

WHEREAS, the April 19, 2024, Order again advised her that failure to comply may result in a dismissal of the case without prejudice for failure to prosecute.

WHEREAS, Plaintiff has not filed a status letter or requested an adjournment.

WHEREAS, the December 5, 2024, Order and an information packet were mailed to Plaintiff.  Subsequent orders have been sent to Plaintiff at the email she provided to the Court.

WHEREAS, Defendant has not appeared and Plaintiff has not filed proof of service on the docket.  Plaintiff has not filed any letter regarding her communications with Defendants or her efforts to effect service on them.  It is hereby

**ORDERED** that this action is dismissed without prejudice for failure to prosecute. Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute."  Fed. R. Civ. P. 41(b).  "A district court considering a Rule 41(b) dismissal must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."  *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *accord Lopez v. 3662 Broadway Rest. Corp.*, No. 19 Civ. 975, 2023 WL 3847141, at *2 (S.D.N.Y. June 6, 2023). "No single factor is generally dispositive."  *Baptiste*, 768 F.3d at 216.

The first factor, the duration of Plaintiffs' failure to comply with court orders, weighs in

favor of dismissal.  "There is no absolute measure by which to determine whether the delay is significant.  Rather, the determination is case-specific: significant delay can range from weeks to years depending upon the circumstances." *Abarca v. Chapter 4 Corp.*, No. 18 Civ. 11206, 2019 WL 13221420, at *1 (S.D.N.Y. Mar. 21, 2019).  Since December 2023, Plaintiff has failed to comply with the Court's repeated orders to file a status letter or proof of service.  This lapse is significant given the simplicity of the request -- Plaintiff only had to file a status letter to apprise the Court of her efforts to serve Defendant.  Due to Plaintiff's failure to comply with the Court's orders, the case is effectively dormant and cannot proceed without Plaintiff's participation. Plaintiff's five-month delay is sufficient to warrant dismissal.  *See In re Archibald,* No. 23 Civ. 10462, 2024 WL 2093644, at *3 (S.D.N.Y. May 9, 2024) (dismissing a case where Plaintiff failed to communicate with the court for five months.); *Barnes v. Stop & Shop Supermarket Co., LLC*, No. 19 Civ. 431, 2020 WL 3100191, at *2 (S.D.N.Y. June 11, 2020) (finding that delays of five months or less have resulted in dismissal in the Second Circuit).

The second factor, whether Plaintiff was on notice that failure to comply would result in dismissal, weighs in favor of dismissal.  On February 15, 2024, Plaintiff was advised that failure to comply with the order would result in dismissal of the case without prejudice for failure to prosecute.  The Court's order "provide[d] clear guidance on how [Plaintiff] could avoid dismissal." *Baptiste*, 768 F.3d at 218.  The Court's March 22, 2024, and April 19, 2024, again advised Plaintiff that failure to comply with the orders would result in dismissal.  These orders were sent to Plaintiff at the email address she provided to the Court in her complaint, putting Plaintiff on notice of the possibility of dismissal.

The third factor, whether Defendants are likely to be prejudiced by further delay in the proceedings, weighs in favor of dismissal.  Plaintiff has failed to comply with the Court's orders

for over five months, and further delay would prejudice Defendant.  *See Seabrook v. Janssen Pharms. Inc.,* No. 20 Civ. 2005, 2022 WL 3718277, at *2 (S.D.N.Y. Aug. 29, 2022) (presuming prejudice to defendants after months of delay).

The fourth factor, a balancing of the Court's interest in managing its docket with Plaintiff's interest in receiving a fair chance to be heard, is neutral.  "There must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court."  *Sanchez v. Cnty. of Dutchess*, No. 21-2408, 2023 WL 3047971, at *2 (2d Cir. Apr. 24, 2023) (summary order).  "Noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner."  *Toro v. Merdel Game Mfg. Co.*, No. 22 Civ. 8505, 2023 WL 2368986, at *2 (S.D.N.Y. Mar. 6, 2023).  In addition to requiring the Court to issue additional orders, Plaintiff's conduct has forced the Court to adjust its trial calendar.  However, because the burden is not "extreme," *Sanchez*, 2023 WL 3047971, at *2, this factor is neutral.

Finally, the fifth factor, whether the Court has adequately considered a sanction less drastic than dismissal, weighs in favor of dismissal.  "A lesser sanction is unlikely to persuade Plaintiff to participate as he has already been informed that his failure to participate may lead to the dismissal of his action, but he has not responded."  *Abarca*, 2019 WL 13221420, at *2. For the foregoing reasons, this action is dismissed without prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of Court is respectfully directed to close the case.

Dated: May 16, 2024
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

4